UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HENRY LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04920-JPH-MJD |
| | ) | |
| DR. EPPLE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening the Complaint,
Dismissing Deficient Claims,
And Directing Service of Process**

Plaintiff Henry Lloyd, an inmate at the New Castle Correctional Facility ("New Castle"), brings this action pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the defendants' deliberate indifference to his serious medical condition. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint before issuing service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

1

## II. The Complaint

Mr. Lloyd filed a complaint on December 13, 2019, naming the following defendants: (1) Dr. Eppel, a physician at New Castle; (2) GEO, the company that operates New Castle; and (3) Wexford, the company that contracts to provide medical services to inmates at New Castle. Mr. Lloyd seeks compensatory and punitive damages and declaratory relief.

The complaint alleges that Dr. Eppel pulled a scab off Mr. Lloyd's freshly amputated leg and began cutting the leg with a scalpel, severing nerves and causing significant blood loss. This procedure caused a severe infection, and a surgeon had to amputate an additional six inches of Mr. Lloyd's leg, which is still infected. Wexford has allegedly denied Mr. Lloyd necessary physical therapy and provided him with a wheelchair that is too small.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

Based on the screening standard set forth above, Mr. Lloyd's deliberate indifference claim against Dr. Epple **shall proceed**.

The claims against GEO and Wexford are **dismissed**. To be liable under § 1983, a private corporation acting under color of state law must have an express policy or custom that resulted in

a constitutional deprivation. *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002); *Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004). The complaint does not allege that GEO or Wexford has a policy or custom that caused Mr. Lloyd to suffer a constitutional deprivation and therefore does not state a claim against these defendants.

This summary of claims includes all viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through **April 24, 2020**, in which to identify those claims.

### IV. Summary and Service of Process

Mr. Lloyd's medical claim against Dr. Epple **shall proceed**. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dr. Epple, in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate defendants Wexford and GEO from the docket.

**SO ORDERED**.

Date: 3/30/2020

                                                                                                     _James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HENRY LLOYD
866281
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

DR. EPPLE
NEW CASTLE CORRECTIONAL FACILITY
MEDICAL EMPLOYEE
100 Van Nuys Road
New Castle, IN 47362

Courtesy Copy to

Wexford Medical Services
c/o Joe Ebbitt, Director of Risk Management
Foster Plaza Four
501 Holiday Dr,
Pittsburgh, PA 15220